IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIM DOWNS,

    Plaintiff,

v.

INDY MAC MORTGAGE
SERVICES, FSB, *et al.*,

    Defendant.                                  Case No. 13-cv-858-DRH-DGW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    Plaintiff Downs filed a civil suit on August 19, 2013 (Doc. 2). Now before the Court are Downs' motions for leave to proceed *in forma pauperis* (Doc. 3) and for service of process at government expense (Doc. 4). Based on the following, the Court **DENIES** without prejudice these motions.

    By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA") significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must screen any indigent's complaint

(those filed by prisoners and non- prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Upon reading Downs' pleadings, the Court finds that she is indigent. She signed a declaration contained in her motion documenting her poverty. However, her complaint does not survive § 1915(e)(2) review. At this point, the Court cannot determine whether it has subject matter jurisdiction over Downs' claims, whether Downs has stated claims upon which relief can be granted, or even which defendants her separate "counts" seek relief against (as Downs lists certain defendants, *i.e.* Charles Stegmeyer and Quicken Loans, Inc., in her heading and/or "jurisdictional statement" that are not mentioned in the body of her claims or conclusion).

While Downs cites diversity jurisdiction, 28 U.S.C. § 1332, solely based upon her allegations, it appears Downs, along with all defendants, are citizens of Illinois. Further, as for her citation to federal question jurisdiction, 28 U.S.C. § 1331, the body of Downs' complaint appears to arise from state law. While her complaint contains conclusory allegations concerning deprivation of her "constitutional right to property," such vague allegations are not sufficient to invoke this Court's jurisdiction. Thus, the Court **ALLOWS** Downs up to and

including **September 23, 2013** to file an amended complaint detailing facts that demonstrate this Court's jurisdiction as well as the bases of her claims.

For the reasons discussed herein, the Court **DENIES** both Downs' motion to proceed *in forma pauperis* and her motion for service of process at government expense (Docs. 3, 4). She must re-file these motions upon the filing of her amended complaint, should she still wish to pursue *in forma pauperis* status. The Court warns Downs that should she fail to file an amended complaint by **September 23, 2013**, the Court shall dismiss this action for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 22nd day of August, 2013.

David R. Herndon
2013.08.22
15:36:31 -05'00'

**Chief Judge**
**United States District Court**