IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIM DOWNS,

    Plaintiff,

v.

INDY MAC MORTGAGE
SERVICES, FSB, *et al.*,

    Defendant.                                        Case No. 13-cv-858-DRH-DGW

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I. Introduction

Plaintiff Downs filed a civil suit on August 19, 2013 (Doc. 2). The Court previously denied Downs' motion for leave to proceed *in forma pauperis* (IFP), instructing her to file an amended complaint by September 23, 2013 (Doc. 5). Now before the Court are Downs' motion for declaratory judgment (Doc. 6) and her amended complaint (Doc. 7), which the Court construes as a renewed motion for leave to proceed IFP. For the reasons stated below, the Court denies her leave to proceed IFP, dismisses her amended complaint, and does not grant Downs leave to file a second amended complaint.

## II. Law and Application

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA") significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).

Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non- prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Moreover, FEDERAL RULE OF CIVIL PROCEDURE 12 directs that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Thus, a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), and must liberally construe the allegations of a *pro se* complaint when evaluating a claim's plausibility. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Unlike state courts, federal courts can only entertain "cases or controversies" that are "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Buchel–Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Due to the limited nature of federal judicial power, district courts have a duty to evaluate subject-matter jurisdiction—even if the parties do not raise this issue—before reaching the merits of a case. *See id*.

Assuming the truth of Downs' factual allegations, her amended complaint arises from a recent judgment of foreclosure entered against her in state court. Generally, Downs alleges she entered into a mortgage contract in 2006. In 2009,

she entered into a loan modification mortgage agreement with defendant Indy Mac Mortgage Services ("Indy Mac") and Quicken Loans. Ten days later, Indy Mac signed a business asset purchase agreement with One West Bank. At this point, Downs continued to make her loan payments as regularly scheduled. Five months later, Downs' monthly payment went from $1,460.01 to $2,660.00. Downs withheld payment of the increased mortgage payments because Indy Mac and One West Bank told Downs they were "looking into the matter." Subsequently, One West Bank filed foreclosure proceedings against Downs. The State court entered default judgment against Downs. Downs hired attorney Charles Stegmeyer ("Stegmeyer") to persuade the court to "reconsider" the default judgment. Stegmeyer was unsuccessful. Downs' appeal was "denied." Downs' bankruptcy proceedings are pending (Doc. 7, pp. 3-6).

On the basis of the above, Downs brings Count One for "breach of contract" against Indy Mac and Quicken Loans, basically arguing Indy Mac's agreement with One West Bank constitutes a breach of contract with Downs (Doc. 7, p. 6). In a very similar vein, Downs' Count Two alleges Indy Mac, Quicken Loans, and One West Bank "[c]onspir[ed] to deprive [Downs] of her original contract and property rights," which amounts to "conversion." She also states the defendants intended to deprive Downs of her due process rights under the Fifth and Fourteenth Amendments, violated 42 U.S.C. § 1983, and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Finally, Count Three alleges defendants One

West Bank, Indy Mac, and Quicken Loans, "illegal[ly] invoked State court jurisdiction" with the intent to deprive Downs of "constitutional rights to her property." As to Stegmeyer, it appears Downs brings a malpractice action against him (Doc. 7-1). Downs has also filed a motion for declaratory judgment and injunctive relief. While the Court is frankly unsure exactly what sort of injunctive relief Downs seeks, it appears she asks that the Court stay the foreclosure proceedings against her.

The Court must first address the threshold issue of jurisdiction. Subject matter jurisdiction of federal district courts is limited to actions raising questions under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and cases in which there is diversity of citizenship, 28 U.S.C. § 1332. Downs' amended complaint does not allege that she and defendants are citizens of different states. The Court previously informed Downs that her initial complaint did not adequately allege diversity of citizenship. The Court sees no reason to believe that leave to file a second amended complaint would result in adequate allegations of diversity.

As for federal question jurisdiction, 28 U.S.C. § 1331, Downs cites 42 U.S.C. § 1983 and the FDCPA.[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

---

[1] Downs' introduction to her amended complaint additionally cites numerous statutes that the Court will not specifically analyze. They are not listed in the body of her amended complaint and clearly do not offer her the relief she seeks. *See* 42 U.S.C. §§ 1985, 1986, 1988, and 31 U.S.C. § 3729.

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Downs simply cannot allege a violation of § 1983 on the basis of her alleged mortgage contract dispute or default judgment entered against her in state court. Further, as to Downs' citation to the FDCPA, she vaguely alleges defendants made "false writing and misleading statements." Such conclusory allegations are not sufficient to state a claim under the FDCPA. Further, under the FDCPA, defendants would have to be debt collectors as opposed to creditors. Downs has not alleged facts demonstrating defendants were debt collectors. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).

Finally, it is clear to the Court that at the heart of Downs' claims is her desire that this Court hold the state court judgment of foreclosure invalid. To this extent, the *Rooker-Feldman* doctrine divests this Court of jurisdiction over Downs' claims. *See Reed v. Makowiecki*, 448 Fed. App'x. 613, 615 (7th Cir. 2011) (lawsuit seeking review of state-court foreclosure judgment squarely fits within category of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," which a federal court cannot review, despite plaintiffs' attempt to characterize suit as a civil rights action) (citation omitted); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646-47 (7th Cir. 2011).

### III.  Conclusion

For the reasons stated above, Downs has not stated a claim upon which the Court can grant relief and she has not met her burden of demonstrating subject-matter jurisdiction exists over her claims. Accordingly, Downs' amended complaint, which the Court construes as a renewed motion for leave to proceed IFP, is **DENIED** (Doc. 7). Downs' motion for declaratory judgment is **DENIED**. Her claims are dismissed under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). Downs is not granted leave to amend.  Downs' claims under the FDCPA are dismissed without prejudice. Downs' remaining claims are dismissed with prejudice. The Clerk is instructed to enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

Signed this 13th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.13 15:43:45 -05'00'

**Chief Judge**
**United States District Court**